

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00071-CV

Roberto **VILLARREAL**, Ramona Villarreal, Viola Villarreal Garcia,
Gloria Villarreal Salinas and Fernando Villarreal,
Appellants

v.

**CHESAPEAKE ZAPATA, L.P.**, Chesapeake Operating, Inc.,
Appellees

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 8848
Honorable Jose A. Lopez, Judge Presiding

PER CURIAM

Sitting:    Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed: March 27, 2019

DISMISSED FOR LACK OF JURISDICTION

The trial court signed a final order on October 11, 2018. Appellants timely filed a motion for new trial on November 12, 2018. Therefore, appellants' notice of appeal was due to be filed no later than January 9, 2019. *See* TEX. R. APP. P. 26.1(a). A motion for extension of time to file the notice of appeal was due on January 24, 2019, fifteen days after the deadline for filing notice of appeal. *See* TEX. R. APP. P. 26.3.

On February 5, 2019, appellants filed their notice of appeal, and on February 6, 2019, appellants filed a motion for extension of time to file their notice of appeal. Because the notice of

appeal and motion were filed after the expiration of the fifteen-day grace period allowed by Rule 26.3, we ordered appellants to show cause in writing why this appeal should not be dismissed for lack of jurisdiction.

In their response to this court's order, appellants assert the failure to timely file the notice of appeal was due to the mistaken calculation of the deadline, noting the trial court set a hearing on their motion for new trial for February 4, 2019. Appellants urge this court to allow the appeal to be decided on its merits and not based on a procedural default. Appellees filed a response to appellants' motion for extension of time asserting this court does not have the authority to extend the deadline for perfecting an appeal beyond the deadline the Texas Supreme Court has provided, even for good cause.

As the Texas Supreme Court has instructed, a motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). But, "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Id.*; *see also* TEX. R. APP. P. 2 (prohibiting appellate court from "alter[ing] time for perfecting an appeal"). Because appellants did not timely file a notice of appeal, we must dismiss the appeal for lack of jurisdiction.

PER CURIAM